IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARNI ALWARD, on behalf of herself and similarly situated employees, | : : : | CIVIL ACTION |
| Plaintiff, | : : | FILED ELECTRONICALLY ON OCTOBER 8, 2018 |
| v. | : : | |
| MARRIOTT INTERNATIONAL, INC., | : : | CLASS/COLLECTIVE ACTION |
| Defendant. | : : : | JURY TRIAL DEMANDED |

### COMPLAINT – CLASS/COLLECTIVE ACTION

Marni Alward ("Plaintiff"), on behalf of herself and similarly situated employees, brings this class/collective action lawsuit against Marriott International, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Ann. §§ 4111.01, et seq., and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ann. § 4113.15.  Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her state law claims are asserted as a class action under Federal Rule of Civil Procedure 23.

### JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff resides in Erie, PA.

5. Plaintiff is an employee covered by the FLSA, OMFWSA, and OPPA.

6. Defendant is a corporate entity headquartered in Bethesda, MD.

7.     Defendant is an employer covered by the FLSA, OMFWSA, and OPPA.

## FACTS

8.     Defendant "is a leading global lodging company with more than 6,700 properties across 130 countries and territories, reporting revenues of more than $22 billion in fiscal year 2017."  See https://www.marriott.com/marriott/aboutmarriott.mi

9.     Defendant operates a "Global Reservation Sales and Customer Care Center" in Solon, OH ("the Solon Call Center").  There, Defendant employs hundreds of individuals who are paid an hourly wage and perform various call center services to Defendant's customers.  These services include, for example, processing reservations, cancellations, and inquiries about room availability and rates.  These employees hold job titles such as, for example, Reservations Sales Agent.  They generally are referred to herein as "operators."

10.     Plaintiff was employed by Defendant at the Solon Call Center as an operator from approximately May 2017 until approximately July 2018.  She was paid an hourly wage of approximately $11.00.

11.     During a typical week, Plaintiff and other operators are scheduled to work at least 40 hours and receive payroll credit and compensation for at least 40 hours.  In fact, Plaintiff usually worked and received payroll credit for over 50 hours per week.

12.     Prior to the beginning of each paid shift and prior to the end of each unpaid meal break, Plaintiff and other operators must arrive at their assigned work station, boot-up their assigned computers, and access Defendant's various computer systems, databases, and programs.  Plaintiff and other operators depend upon these computer systems, databases, and programs throughout the workday.  It would be impossible for them to perform their job duties without having access to such computer systems, databases, and programs.

13. The activities described in paragraph 12 above, which will be referred to as "Start-Up Activities," generally take 10-15 minutes to complete. Thus, Plaintiff and other operators generally spend 20-30 minutes per day performing Start-Up Activities.

14. Defendant does not compensate Plaintiff and other operators for time spent performing Start-Up Activities.

15. Because Plaintiff and other operators often work and receive payroll credit for at least 40 hours per week, the time spent performing Start-Up Activities often would qualify as overtime work if credited by Defendant.

16. By failing to pay Plaintiff and other operators for overtime work associated with Start-Up Activities, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA, OMFWSA, and OPPA provisions.

## CLASS/COLLECTIVE ALLEGATIONS

17. Plaintiff brings her legal claims on behalf of all operators (as defined in paragraph 9) employed at the Solon Call Center during any week within the past three years.

18. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common timekeeping and compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

19. Class action treatment of Plaintiff's OMFWSA and OPPA claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

20. The class includes hundreds of individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class

members is impracticable.

21. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

22. Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

23. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide timekeeping and compensation policies. The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## **COUNT I – FLSA**

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The FLSA entitles employees to overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. See 29 U.S.C. § 207(a)(1).

27. Defendant has violated the FLSA by failing to pay Plaintiff and the collective any compensation for overtime work associated with Start-Up Activities.

28. In violating the FLSA, Defendant has acted willfully and with reckless disregard

of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## COUNT II – OMFWSA

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The OMFWSA entitles employees to overtime premium compensation "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of" 40 hours per week.  See Ohio Rev. Code Ann. § 4111.03(A).

31. Defendant has violated the OMFWSA by failing to pay Plaintiff and the class members any compensation for overtime work associated with Start-Up Activities.

32. In violating the OMFWSA, Defendant has acted willfully and with reckless disregard of clearly applicable OMFWSA provisions and, as such, has willfully violated the OMFWSA.

## COUNT III – OPPA

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The OPPA entitles employees to be paid all "wages earned" in a timely fashion. In particular, wages earned during the first half of a month must be paid by the first day of the next month.  See Ohio Rev. Code Ann. § 4113.15(A).  Likewise, wages earned during the second half of a month must be paid by the fifteenth day of the next month.  See id.

35. The OPPA's protections apply to all wages earned regardless of whether such wages, if paid, would qualify as overtime wages.  See, e.g., Shoots v. iQor Holdings US Inc., 2015 U.S. Dist. LEXIS 141617, *25-27 (D. Minn. Oct. 19, 2015) (applying OPPA to non-overtime wages).

36. Defendant violated the OPPA by failing to timely pay Plaintiff and the class members any compensation for work associated with Start-Up Activities.

**JURY DEMAND**

Plaintiff demands a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. An order permitting this action to proceed as a collective and class action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join this action;

C. Unpaid overtime wages to the fullest extent permitted under the FLSA, OMFWSA, and OPPA;

D. Unpaid regular wages to the fullest extent permitted under the OPPA;

E. Liquidated damages, penalties, and prejudgment interest to the fullest extent permitted under the FLSA, OMFWSA, and OPPA;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the FLSA, OMFWSA, and OPPA; and

G. Such other and further relief as this Court deems just and proper.

Date: October 8, 2018                    Respectfully,

s/Peter Winebrake
Peter Winebrake, Esq.
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*For Plaintiff*