IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARNI ALWARD, *on behalf of herself and others similarly situated*,<br>Plaintiff,<br>v.<br>MARRIOTT INTERNATIONAL, INC.,<br>Defendant. | :<br>:<br>: 1:18-cv-02337-PAG<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL
OF THE CLASS ACTION SETTLEMENT, AND OTHER ASSOCIATED RELIEF**

**AND NOW**, upon consideration of Plaintiff Marni Alward's "Unopposed Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief" ("Motion") (Doc. 28), the accompanying "Joint Stipulation of Settlement" (Doc. 28-1), the accompanying declarations of Robert Hyte (Doc. 28-2), Peter Winebrake (Doc. 28-3), and Kevin M. McDermott II (Doc. 28-4), the accompanying memorandum of law (Doc. 28-6) (collectively "the motion papers"), the arguments and representations of counsel during the November 18, 2019 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1. The term "Stipulation" shall refer to the Joint Stipulation of Settlement submitted by Plaintiff in support of the Motion and all terms used herein shall have the same meaning as the terms defined in the Stipulation unless otherwise stated in this Final Approval Order.

2. The Court hereby enters judgment and grants final approval of the terms of the class and collective action settlement set forth in the Stipulation because it meets the criteria for final settlement approval. Specifically, for settlement purposes only, the Court certifies a

settlement class comprised of the Settlement Participants.  Based on the evidence and arguments presented in the motion papers and during the fairness hearing, this settlement class satisfies Fed. R. Civ. P. 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Fed. R. Civ. P. 23(b)(3)'s additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

3. Under the settlement, Defendant will pay $600,000 to be distributed as follows:(i) $385,000 will be paid to the 1,026 Settlement Participants; (ii) a $7,500 service award will be paid to Plaintiff; (iii) $172,617 in attorney's fees will be paid to class counsel; (iv) $16,133 in litigation expenses will be paid to class counsel; and (v) $18,750 in expenses will be paid to the third-party settlement administrator Settlement Services, Inc.

4. The Court **APPROVES** the $385,000 payment to the Settlement Participants as "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), because, based on the evidence and arguments presented in the motion papers and during the fairness hearing, all of the criteria described in Fed. R. Civ. P. 23(e)(2)(A)-(D) favors approval.

5. For settlement purposes only, the Court certifies a collective action under the Fair Labor Standards Act ("FLSA") consisting of Settlement Participants who cash or deposit their check representing their Individual Settlement Payment.  Based on the evidence and arguments presented in the motion papers and during the fairness hearing, the settlement "was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties."  *Osman v. Grube, Inc.*, 2018 U.S. Dist. LEXIS 78222, *2 (N.D. Ohio May 4, 2018) (citing cases).

6. The Court **APPROVES** the payment of a $7,500 service award to Plaintiff. Such an award is justified by Plaintiff's efforts on behalf of the class and is consistent with awards in other wage and hour class actions approved by this Court. *See Barnes v. Winking Lizard, Inc.*, 2019 U.S. Dist. LEXIS 65657, *18 (N.D. Ohio Mar. 26, 2019) (approving $7,500 service award); *Osman*, 2018 U.S. Dist. LEXIS 78222, at *4-6 (same).

7. The Court **APPOINTS** the law firms of Winebrake & Santillo, LLC and McDermott Law, LLC to serve as class counsel because, based on the evidence and arguments presented in the motion papers and during the fairness hearing, these firms satisfy the criteria described in Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

8. The Court **APPROVES** the payment to Class Counsel of $172,617 in attorney's fees because, based on the evidence and arguments presented in the motion papers and during the fairness hearing, the fee payment – which amounts to 28.8% of the total $600,000 settlement fund – falls within the range of fees awarded by this Court in other wage and hour class action settlements, *see Barnes*, 2019 U.S. Dist. LEXIS 65657, at *17 (citing cases), and is supported by each of the factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

9. The Court **APPROVES** the payment to class counsel of $16,133 in litigation expenses and the payment to Settlement Services, Inc. of $18,750 in settlement administration expenses because, based on the evidence and arguments presented in the motion papers and during the fairness hearing, such expenses are reasonable.

10. This judgment shall be binding on all Settlement Participants. As of the Effective Date, the Released State Law Claims of every Settlement Participant is and shall be deemed to be conclusively released against the Defendant and Released Parties. As of the Effective Date,

the Released Federal Law Claims of every Settlement Participant who cashes or deposits their check representing their Individual Settlement Payment is and shall be deemed to be conclusively released against the Defendant and Released Parties.

11. This action is **DISMISSED ON THE MERITS WITH PREJUDICE.** This Final Approval Order is a final judgment for purposes of appeal and this document shall be considered notice of entry of such judgment. There being no just reason for delay in the entry of final judgment, the Clerk is hereby directed to enter judgment thereon.

12. Without affecting the finality of this judgment in any way, the Court retains continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Order and the terms of the Joint Stipulation.

**SO ORDERED** this 18th day of November, 2019.

/s/ Patricia A. Gaughan
Honorable Patricia A. Gaughan
UNITED STATES DISTRICT COURT
CHIEF JUDGE